IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | : | |
|---|---|---|
| RICHARD FRANKLIN PHILLIPS, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| vs. | : | |
| | : | |
| Warden DONALD BARROW, | : | NO. 5:07-CV-374 (CAR) |
| *et al.*, | : | |
| | : | |
| Defendants | : | **O R D E R** |

Plaintiff **RICHARD FRANKLIN PHILLIPS**, a prisoner at Wilcox State Prison ("WSP") in Abbeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

## I. IFP

Plaintiff has paid the initial partial filing fee of $27.33 as ordered by this Court on October 12, 2007. He is hereafter obligated to pay the unpaid balance of $322.67 in monthly payments. It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the unpaid balance is paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## II. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Because the Court has permitted plaintiff to proceed *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2). Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or employees of

a governmental entity and dismiss any portion of the complaint it finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## III. BACKGROUND

Plaintiff names as defendants in this action Sonny Perdue, the Governor of Georgia, James E. Donald, the Commissioner of the Georgia Department of Corrections ("GDOC"), Donald Barrow, Warden of WSP, and Albert Testor, Chief District Attorney for the Alapaha Judicial Circuit. Although plaintiff's various submissions are unclear, his claims arise from a 2004 conviction and a 2007 indictment in Lanier County, Georgia.

Plaintiff states that in 2003, he was indicted on four charges, one of which was child molestation. According to plaintiff, Mickey Johnson, the prosecutor in his case, altered the indictment to show that plaintiff's child molestation charge was being reduced to enticing a child for indecent purposes. Plaintiff's attached "true bill" shows that plaintiff pleaded guilty to enticing a child for indecent purposes on December 3, 2004. The other three counts were apparently nolle

prossed. The GDOC's website indicates that plaintiff is now serving a fifteen year sentence for enticing a child for indecent purposes. According to plaintiff, because of the alteration, his 2003 indictment is invalid, and he is in prison illegally.

Plaintiff appears to further allege that in April 2007, a grand jury returned a second indictment for the same charges on which he is currently incarcerated. Plaintiff has not attached any paperwork from this latest indictment, but indicates that his trial date is December 2007.

Plaintiff files this action seeking various forms of relief, including: (1) compensatory damages in the amount of $150,255; (2) lost disability benefits in the amount of $28,000; (3) punitive damages in the amount of $10,000,000; (4) reprimand and replacement of defendant Albert Testor; and (5) further prosecution of plaintiff be barred.

## *IV. DISCUSSION*

Although, as noted above, plaintiff's submissions are unclear, plaintiff apparently believes that his 2004 conviction is invalid because the indictment in his criminal case had been altered. Such an allegation falls within the ambit of the Supreme Court's decision in ***Heck v. Humphrey***, 114 S. Ct. 2364 (1994). In ***Heck***, the Supreme Court made it clear that before a section 1983 plaintiff can seek monetary relief that would call into question the validity of the conviction or sentence, he must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. ***Id.*** at 2372-73.

Because plaintiff has not alleged facts which would support a finding that any court has ruled that plaintiff has been confined illegally as a result of an altered indictment, ***Heck*** bars all of plaintiff's claims that would necessarily call into question his conviction or sentence. Plaintiff must

return to state court and attempt to invalidate his conviction and sentence. If plaintiff should succeed, he may then institute an action for damages under section 1983 in federal court.

Plaintiff's request that this Court declare his sentence invalid and order his immediate release constitutes an attack of the legality of his conviction, sentence, and/or present confinement. Claims attacking the legality of a conviction and sentence must be presented in a petition for writ of habeas corpus following the exhaustion of state court remedies, not in a federal civil rights action. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement, as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

Finally, plaintiff's attempt to challenge the validity of his 2007 indictment likewise cannot proceed. In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that concerns of equity, comity, and federalism require that federal courts abstain from interfering with state court criminal proceedings absent "extraordinary circumstances." *Younger* abstention is required when: (1) a state proceeding is pending; (2) the state proceeding involves important state interests; and (3) the state proceeding affords an adequate opportunity to raise constitutional issues. *Middlesex Co. Ethics Comm'n v. Garden State Bar Ass'n*, 57 U.S. 423, 432 (1982). Each of the requirements of *Younger* is satisfied and this Court must abstain from interfering in plaintiff's ongoing criminal prosecution in Georgia. For this reason, plaintiff's pending motion for a preliminary injunction (Tab # 6) against this ongoing prosecution is **DENIED**.

## V. CONCLUSION

Based on the foregoing, the instant complaint is hereby **DISMISSED** as being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this 14th day of November, 2007.

<pre>                              S/ C. Ashley Royal
                              C. ASHLEY ROYAL
                              UNITED STATES DISTRICT JUDGE</pre>

cr